CADY, Chief Justice
(concurring specially).
I concur in the opinion of the court but write separately to express my commitment to the views I expressed in State v. Gaskins, 866 N.W.2d 1, 17 (Iowa 2016) (Cady, C.J., concurring specially). Specifically, I repeat,
An automatic exception to the warrant requirement, particularly one based on exigency, must account for the new world of technology, and must not continue to exist simply because it existed in the past. In some instances, this new world may require movement from an automatic exigency to the standard exigent-circumstances requirement in which the rapid nature of occurrences precluding the wait for a warrant must be explained on a case-by-case basis.
Id. Today, on this record, I agree with the court that Christopher George Storm has not met his burden of proving that technological advances have made the automobile exception obsolete. Thus, this new world we live in does not yet require we move to a case-by-case exigency standard for automobile searches.
Nearly 100 years ago, the government succeeded in establishing an exception to the warrant requirement to deal with automobiles. See Carroll v. United States, 267 U.S. 132, 149, 45 S.Ct. 280, 283-84, 69 L.Ed. 543 (1925). The Court found the government met its burden of establishing the exception. See id.; see also United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, 95, 96 L.Ed. 59 (1951) (“Only ... in ‘exceptional circumstances,’ may an exemption [from the warrant requirement] lie, and then the burden is on those seeking the exemption to show the need for it.” (citations omitted) (quoting Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948))). Eventually, we adopted the doctrine under our state constitution. See State v. Olsen, 293 N.W.2d 216, 220 (Iowa 1980). In effect, the state proved we could assume exigent circumstances existed in this specific context because of “the inherent mobility of the vehicle, the fact [the] defendant [would be] alerted, and the chance that the car’s contents might not be found again if a warrant had to be then obtained.” Id. For us to reject this rationale now, we must be convinced it is no longer correct. Because automobiles are inherently mobile and a person subjected to a traffic stop will always be alerted, it is the third finding that is being eroded by technological advances that make it easier to obtain a warrant and thus remove the risk of evidence being lost. On this record, Storm has not presented compelling evidence showing it is no longer reasonable to assume an exigency exists when an officer has probable cause to believe an automobile stopped on a street or highway contains contraband or evidence of a crime.
While I remain convinced the automobile exception has a limited lifespan, its longevity will depend on the ability and pace of this state in integrating and using technological advances in a way that renders a categorical rule unreasonable.
For these reasons, I concur.